UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL |
|---|---|
| VERSUS | |
| TROY L. JAMES | NO. 18-21-SDD-RLB |

## ORDER

This matter is before the Court on Defendant Troy James' Motion to Authorize Medical Treatment. (R. Doc. 213). As contained in the Motion, the Defendant has complaints regarding a pre-existing injury to his arm. Defendant James has been evaluated by a physician who did not determine that further treatment was necessary at this time. Defendant is being given over the counter medication for pain. Defendant disagrees with the conclusions of the doctor, asserts that he is being denied medical treatment, and that such denial constitutes a violation of his rights and will subject him to cruel and unusual punishment in contravention of the Eighth Amendment of the United States Constitution.

The motion will be denied. The Court recognizes that pretrial detainees are protected by the Due Process Clause of the United States Constitution. Although the Court makes no finding that the instant motion is the proper mechanism to raise such allegations of constitutional violations, the Court will look to the allegations and evidence before it in light of existing law interpreting claims such as this by those in government custody.

In evaluating such constitutional claims in the context of an alleged violation of 42 U.S.C. § 1983, courts have noted that a claim regarding inadequate medical care must show that appropriate medical care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d

1236, 1237 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, supra. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).

As discussed on a conference call with the Court on June 21, 2018, there is no question that the Defendant was transported to New Orleans to be seen and evaluated by a physician. Defendant has not submitted any medical records or evidence supporting a conclusion that the opinions of that physician are wrong. In addition, the relief requested is unclear. Defendant seeks an order for medical treatment, yet acknowledges that he has received exactly that. There is nothing to indicate that any different result would be achieved. He has not proposed any specific remedy. Although the Defendant is apparently dissatisfied with the medical care he has received, such dissatisfaction does not rise to the level of a constitutional violation.[1]

That said, the Court is not suggesting that Defendant should not continue to request further treatment and evaluation if needed. Should a follow-up appointment or examination by a different physician be deemed appropriate, or should prescribed treatment not be provided at the

---

[1] *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (upholding the dismissal of an inmate's claim as frivolous where he complained of a failure to refer him to a specialist, noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" quoting *Estelle v. Gamble, supra,* 429 U.S. at 107); *Burge v. Stalder*, 54 Fed. Appx. 793 (5th Cir. 2002) (upholding the grant of a motion to dismiss where the inmate complained of a failure to refer him to a specialist); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986) (stating that a "mere claim that [the plaintiff] was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference"). *See also Corte v. Schaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment" and that he needed a referral to a specialist, he had failed to demonstrate deliberate indifference where he had been seen by prison medical personnel and where his test results were within a normal range).

C:cv38a; T: 00:15

facility, Defendant should raise those issues with the government and U.S. Marshals Service as appropriate or bring it to the Court's attention.

Accordingly, for the foregoing reasons, the Motion (R. Doc. 213) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**