## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-21-SDD-RLB |
| TRAVIS R. JAMES, ET AL. | |

### RULING

This matter is before the Court on the *Motion to Dismiss Count Three as to Troy James*[1] filed by Defendant Troy L. James ("Defendant"), referred to in the Indictment as "T. JAMES."[2] The Government has filed an *Opposition*[3] to this motion. For the following reasons, the motion is DENIED.

### I.  BACKGROUND

Defendant is one of fifteen Defendants charged in a drug conspiracy to distribute and to possess with the intent to distribute cocaine, crack cocaine, and heroin between around April 2017 and continuing until around January 2018 in the Middle District of Louisiana and elsewhere.[4] Defendant is charged in three counts of the indictment: (1) Count One, Conspiracy; (2) Count Three, Possession with the Intent to Distribute 500 or More Grams of Cocaine; and (3) Count Ten, Possession with the Intent to Distribute Five or More Kilograms of Cocaine and One or More Kilograms of Heroin.[5]

---

[1] Rec. Doc. No. 250.
[2] Co-defendant Travis R. James is referred to in the Indictment as "JAMES."
[3] Rec. Doc. No. 271.
[4] Rec. Doc. No. 1.
[5] *Id.*
48846

Defendant moves to dismiss Count Three, Possession with the Intent to Distribute 500 or More Grams of Cocaine, on the grounds that the "Manner and Means of Accomplishing the Conspiracy" section of the Indictment makes several broad allegations as to Defendant but fails to allege that he committed any act on May 9, 2017. Specifically, Defendant contends that Paragraphs 50 and 86 of the Indictment are in conflict such that Count Three fails to charge Defendant with a crime.

> Paragraph 50 alleges:
>
> On or about May 9, 2017, following a series of calls discussing a sale of narcotics between **JAMES** and **JARVIS**, **JAMES** proceeded to a storage center at or near Barringer Foreman Road in Baton Rouge, Louisiana. With the assistance of **HARDING**, **JAMES** purchased approximately two kilograms of cocaine from a source of supply, introduced to **JAMES** by **JARVIS**. Later that day, **JAMES** informed **LAFRANCE** that he intended to "cook" (convert) most of those two kilograms into crack cocaine.[6]
>
> Paragraph 86 under **COUNT THREE** charges:
>
> On or about May 9, 2017, in the Middle District of Louisiana, **TRAVIS R. JAMES**, **TROY L. JAMES**, **SIDNEY J. JARVIS**, and **D'MARI D. HARDING**, defendants herein, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture containing a detectable quantity of cocaine, a Schedule II controlled substance.[7]

Defendant maintains that Paragraph 86 sets forth a bare bones allegation of conduct allegedly committed by Defendant and three co-Defendants, while Paragraph 50 sets forth a more detailed account of the acts that the co-Defendants allegedly committed, yet it fails to allege that Defendant himself was in any way involved in this conduct. Defendant argues both paragraphs cannot be factually correct; thus, Count Three should be dismissed as to him.

---

[6] *Id.* at 10.
[7] *Id.* at 15.

48846

The Government opposes this motion arguing that Count Three meets the minimum constitutional standards for an indictment, and it complies with the Federal Rules of Criminal Procedure in that the charge contains the essential elements of the offense charged, describes the elements of the offense with particularity, and is specific enough to protect the defendant from double jeopardy. The Government notes that summary judgment is not available in criminal cases, and it claims that is what Defendant herein is improperly seeking.

II. **LAW AND ANALYSIS**

Federal Rule of Criminal Procedure Rule 7(c)(1) provides that "the indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Fifth Circuit has held that "an indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense."[8] "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[9] The issue before the court is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[10] Further, the court's determination of the "validity of an indictment is governed by practical, not technical considerations."[11]

---

[8] *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006).
[9] *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999).
[10] *Id.*
[11] *Id.* at 235.
48846

The Fifth Circuit has held that there is no requirement that there be any factual allegations supporting an indictment, other than a general allegation that the defendant committed the crime charged.[12] Further, "the standards for the sufficiency of an indictment are relatively low[.]"[13]

The Court finds that this standard is satisfied by Count Three of the Indictment. The language of Count Three is clear as to the crime with which Defendant has been charged, and it tracks the elements of the crime that a jury will be asked to find for a conviction.[14] The Court does not read Paragraphs 50 and 86 as narrowly as Defendant; indeed, Defendant fails to consider legal theories under which these paragraphs are not inconsistent. Further, the Government is not required to prove its case at the charging stage. If no evidence is presented at trial as to Defendant for Count Three, counsel may move at the appropriate time for the appropriate relief under Rule 29.

## III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss Count Three*[15] filed by Defendant Troy L. James is hereby DENIED.

Baton Rouge, Louisiana the 13 day of November, 2018.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[12] *See United States v. Prejean*, 429 F.Supp.2d 782, 798 (E.D. La. 2006)(citing *United States v. Williams*, 679 F.2d 504, 508 (5th Cir.1982) (the indictment is not required to "set forth facts and evidentiary details necessary to establish each of the elements of the charged offense"); *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir.1978) ("[i]t is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges").
[13] *United States v. Adcox*, No. 15-00036, 2017 WL 2489998 at *3 (W.D. La. June 7, 2017).
[14] *See* Pattern Jury Instruction 2.93 of the Fifth Circuit Pattern Jury Instructions – Criminal (2015).
[15] Rec. Doc. No. 250.
48846