# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS

TROY L. JAMES                                           18-21-SDD-RLB

## ORDER

This matter is before the Court on the Defendant's motion for compassionate release (R. Doc. 988) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this motion. *See* R. Doc. 998. For the following reasons, the Motion will be denied.

### Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Before filing such motions, however, prisoners must exhaust their administrative remedies. After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a

reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

The government asserts that this Court is without jurisdiction to consider the Defendant's Motion. "[A]n appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.' " *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) (*quoting Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)). The Court has three options in a case such as this where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Crim. P. 37(a). The Court may defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* The Court agrees with the government that it lacks jurisdiction over the instant motion because Defendant's appeal is still pending before the Fifth Circuit.[1] Therefore, the Court will exercise its second option under Rule 37(a) and deny the motion without prejudice to renew if this Court re-obtains jurisdiction.

---

[1] *See, e.g., United States v. Pena*, 2020 WL 2798259, at *1 (D. Mass. May 29, 2020) ("Because Pena has appealed his sentence, and that appeal is pending, the court does not have jurisdiction to grant the Motion [for compassionate release] without a remand from the First Circuit."); *United States v. Johnson* 2020 WL 3041923, at *7 n.7 (D.D.C. May 16, 2020) ("A motion to modify a prison term pursuant to section 3582(c) is not one of the two established exceptions to the divestiture of a district court's jurisdiction over a matter pending appeal ... Thus, courts have consistently held that district courts lack authority to grant motions for compassionate release pursuant to section 3582(c) while an appeal is pending." (collecting cases)); *United States v. Walls* 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) ("This Court lacks jurisdiction over the defendant's present motion [for compassionate release] because the requested relief involves matters related to the merits of defendant's appeal. A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." (citation omitted)); *United States v. Vigna* 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding no authority to decide § 3582(c)(1)(A) motion while direct appeal of sentence was pending and denying it without prejudice under Rule 37(a)).

## Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion (R. Doc. 988) is **DENIED** without prejudice to renew if this Court re-obtains jurisdiction.

Signed in Baton Rouge, Louisiana, on September 23, 2021.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**